UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL BLACK

    Plaintiff,

v.                                                              Case No. 2:17-cv-00156

DAVID CLARKE,
in his personal capacity,

JOHN DOE ONE,
in his personal capacity,

JOHN DOE TWO,
in his personal capacity,

JOHN DOE THREE,
in his personal capacity,

JOHN DOE FOUR,
in his personal capacity,

JOHN DOE FIVE,
in his personal capacity,

JOHN DOE SIX,
in his personal capacity,

And

COUNTY OF MILWAUKEE, WISCONSIN,

    Defendants.

---

# COMPLAINT

COMES NOW Plaintiff Daniel Black, by his attorney, William F. Sulton, Esq., of the law firm of Peterson, Johnson & Murray, S.C., and files this complaint against Defendants David Clarke, John Doe One, John Doe Two, John Doe Three, John Doe Four, John Doe Five, John Doe Six, and the County of Milwaukee, Wisconsin.

## INTRODUCTION

1. This civil action seeks a declaratory judgment and an award of money damages against defendants for the unlawful stop and arrest of Plaintiff Daniel Black, in contravention of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution.

## THE PARTIES

2. Plaintiff Daniel Black ("Black") is an adult and resides in the County of Milwaukee, Wisconsin.

3. Defendant David Clarke ("Sheriff Clarke") is the elected Sheriff of the County of Milwaukee, Wisconsin. He is being sued in his personal capacity.

4. Defendant County of Milwaukee, Wisconsin ("Milwaukee County") is a county government in the State of Wisconsin.

5. Defendant John Doe One, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

6. Defendant John Doe Two, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

7. Defendant John Doe Three, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

8. Defendant John Doe Four, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

9. Defendant John Doe Five, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

10. Defendant John Doe Six, is a deputy sheriff for Milwaukee County. He is being sued in his personal capacity.

## JURISDICTION AND VENUE

11. This court has jurisdiction over the claims in this complaint under 28 U.S.C. § 1331 because the claims in this complaint arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution.

12. This court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because the claims in this complaint seek relief for the deprivation, under color of state law, of rights, privileges and immunities secured by the U.S. Constitution and the laws of the United States.

13. This court also has jurisdiction under 28 U.S.C. § 1343(a)(4) because the claims in this complaint seek relief under acts of Congress.

14. This court also has jurisdiction under 28 U.S.C. § 2201(a) because this complaint seeks a declaratory judgment.

15. This court also has jurisdiction under 28 U.S.C. § 2202 because this complaint seeks further necessary and proper relief based on the request for a declaratory judgment.

16. Venue in this court is proper under 28 U.S.C. § 1391(b)(1) because the defendants reside within the Eastern District of Wisconsin.

17. Venue in this court is also proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the Eastern District of Wisconsin.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. On January 15, 2017, Black was at Dallas-Fort Worth International Airport ("DFW") in Texas.

19. Black boarded a flight that was departing for General Mitchell International Airport in Milwaukee.

20. While boarding the flight, Black saw a man that looked like Sheriff Clarke wearing clothes emblazoned with the logo and colors of the Dallas Cowboys football team.

21. Black asked the man if he was Sheriff Clarke, and Sheriff Clarke responded that he was.

22. Black moved towards the rear of the airplane and shook his head.

23. Sheriff Clarke asked Black if he had a problem. Black shook his head no and continued walking and took a seat in the rear of the airplane.

24. There was no interaction between Black and Sheriff Clarke during the flight to Milwaukee.

25. When Black got off the airplane, Sheriff Clarke was in the waiting area by the gate.

26. Sheriff Clarke motioned to John Does One through Six and John Does One through Six walked over to Black and stopped him.

27. John Does One and Two then arrested Black and escorted him to an unoccupied waiting area.

28. John Does One and Two interrogated Black in the waiting area.

29. During the interrogation, Black was questioned about his political opinions.

30. John Does One and Two interrogated Black for about fifteen minutes and then escorted him out of the airport.

31. A reasonable Milwaukee County sheriff would not have ordered his deputy sheriffs to stop, arrest and interrogate a citizen for shaking his head.

32. A reasonable Milwaukee County sheriff would know that his deputy sheriffs do not have jurisdiction over events that occurred in Texas.

33. A reasonable sheriff deputy would know that they do not have jurisdiction over events that occurred in Texas.

34. A reasonable sheriff deputy would have refused Sheriff Clarke's unlawful order to stop, arrest and interrogate Black.

35. A reasonable sheriff deputy would have intervened and prevented John Does One and Two from arresting and interrogating Black.

36. A reasonable sheriff deputy would have known that it is unlawful to stop, arrest and interrogate a citizen to investigate their political opinions.

37. Black filed a complaint with Milwaukee County about Sheriff Clarke's misconduct.

38. Sheriff Clarke responded to the complaint by threatening Black on social media:




39. Sheriff Clarke published the above statements to give a false impression of what occurred on the airplane and to damage Black's reputation.

40. Sheriff Clarke also published the above statements to incite violent verbal assaults against Black, which has happened.

41. Black has experienced racial and other threats against his person on social media as a direct result of Sheriff Clarke's statements.

42. Sheriff Clarke's continuing misconduct is designed to intimidate and dissuade Black from complaining and to impede accountability mechanisms available to other citizens.

43. Sheriff Clarke has publicly stated that he will not cooperate with Milwaukee County's investigation.

44. Sheriff Clarke has also publicly stated that he ordered his deputies not to cooperate with Milwaukee County's investigation.

45. Sheriff Clarke has also publicly stated that Milwaukee County has no authority to investigate him or to enforce any sanction against him.

## CLAIMS AGAINST SHERIFF CLARKE:

46. Black incorporates here all other paragraphs in this complaint.

47. At all relevant times, Sheriff Clarke was acting under color of law.

48. At the time that Sheriff Clarke ordered John Does One through Six to stop Black, Sheriff Clarke knew that the order was unlawful and without reasonable suspicion.

49. At the time that Sheriff Clarke ordered John Does One and Two to arrest and interrogate Black, Sheriff Clarke knew that the order was unlawful and without probable cause.

50. At the time that Sheriff Clarke made the knowingly unlawful orders, Sheriff Clarke did so to single out Black for reasons that were irrational and unrelated to any legitimate government purpose.

51. Sheriff Clarke singled out Black because of his opinions.

52. Sheriff Clarke's misconduct was designed to cause and did cause emotional distress and damage to Black's reputation.

## CLAIMS AGAINST JOHN DOES ONE AND TWO

53. Black incorporates here all other paragraphs in this complaint.

54. At all relevant times, John Does One and Two were acting under color of law.

55. At the time that John Does One and Two received Sheriff Clarke's order to stop Black, John Does One and Two knew that the order was unlawful and without reasonable suspicion.

56. At the time that John Does One and Two received Sheriff Clarke's order to stop Black, John Does One and Two knew they had a duty to intervene and prevent the unlawful stop of Black. John Does One and Two failed to intervene.

57. At the time that John Does One and Two stopped Black, John Does One and Two knew that the stop was unlawful and without reasonable suspicion.

58. At the time that John Does One and Two received Sheriff Clarke's order to arrest and interrogate Black, John Does One and Two knew that the order was unlawful and without probable cause.

59. At the time that John Does One and Two received Sheriff Clarke's order to arrest and interrogate Black, John Does One and Two knew they had a duty to intervene and prevent the unlawful arrest of Black. John Does One and Two failed to intervene.

60. At the time that John Does One and Two arrested and interrogated Black, John Does One and Two knew that the arrest was unlawful and without probable cause.

61. At the time that John Does One and Two interrogated Black about his political opinions, John Does One and Two knew that it was unlawful to stop, arrest and interrogate Black about his political opinions.

62. John Does One and Two singled out Black because of his opinions.

63. John Does One's and Two's acts and omissions were designed to cause and did cause emotional distress to Black.

### CLAIMS AGAINST JOHN DOES THREE, FOUR, FIVE AND SIX

64. Black incorporates here all other paragraphs in this complaint.

65. At all relevant times, John Does Three, Four, Five and Six were acting under color of law.

66. At the time that John Does Three, Four, Five and Six received Sheriff Clarke's order to stop Black, John Does Three, Four, Five and Six knew that the order was unlawful and without reasonable suspicion.

67. At the time that John Does Three, Four, Five and Six received Sheriff Clarke's order to stop Black, John Does Three, Four, Five and Six knew they had a duty to intervene and prevent the unlawful stop of Black. John Does Three, Four, Five and Six failed to intervene.

68. At the time that John Does Three, Four, Five and Six stopped Black, John Does Three, Four, Five and Six knew that the stop was unlawful and without reasonable suspicion.

69. At the time that John Does Three, Four, Five and Six saw John Does One and Two arrest Black, John Does Three, Four, Five and Six knew that the arrest was unlawful and without probable cause.

70. At the time that John Does Three, Four, Five and Six saw John Does One and Two arrest Black, John Does Three, Four, Five and Six knew they had a duty to

intervene and prevent the unlawful arrest of Black. John Does Three, Four, Five and Six failed to intervene.

71. John Does Three, Four, Five and Six singled out Black because of his opinions.

72. John Does Three's, Four's, Five's and Six's unlawful acts and omissions caused emotional distress to Black.

## CLAIMS AGAINST MILWAUKEE COUNTY

73. Black incorporates here all other paragraphs in this complaint.

74. At all relevant times, Sheriff Clarke was acting under color of law and as the final-decision maker for his office and Milwaukee County.

75. Sheriff Clarke diverted significant law enforcement resources designed to protect the public from terrorism at the airport to mete out punishment against Black for shaking his head.

76. It is the policy and practice of Sheriff Clarke's office and Milwaukee County to single out citizens that they perceive express displeasure with Sheriff Clarke or his deputies for disparate treatment.

77. It is the policy and practice of Sheriff Clarke's office and Milwaukee County to stop without reasonable suspicion and to arrest without probable cause citizens that they perceive to express displeasure with Sheriff Clarke or his deputies.

78. It is the policy and practice of Sheriff Clarke's office and Milwaukee County to intimidate and dissuade citizens from complaining about misconduct by Sheriff Clarke and his deputies.

79. It is the policy and practice of Sheriff Clarke's office and Milwaukee County to threaten citizens that complain about misconduct by Sheriff Clarke or his deputies.

80. It was foreseeable that Sheriff Clarke's and Milwaukee County's policies and practices would result in violent verbal assaults against Black, whom they publicly derided.

81. It was foreseeable that Sheriff Clarke's and Milwaukee County's policies and practices would result in the unlawful stop and arrest of Black.

82. It was foreseeable that Sheriff Clarke's and Milwaukee County's policies and practices would result in the deprivations of equal protection of the laws stated in this complaint.

83. It was foreseeable that Sheriff Clarke's and Milwaukee County's policies and practices would deter sheriff deputies from intervening when they observed misconduct by Sheriff Clarke and other deputies.

84. Milwaukee County lacks an effective mechanism for disciplining Sheriff Clarke and his deputies for violating citizens' civil and constitutional rights.

85. It was foreseeable that without an effective mechanism for discipline, Sheriff Clarke and his deputies would violate Black's civil and constitutional rights.

86. As a direct, foreseeable and proximate result of Sheriff Clarke's and Milwaukee County's intentional acts, Black has suffered injuries, damages and other losses, without limitation to emotional distress and damage to his reputation.

These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

## RELIEF REQUESTED

Wherefore, Daniel Black respectfully requests that the court enter judgment for him and provide the following relief:

**A.** A declaratory judgment under 28 U.S.C. § 2201(a) stating that defendants unlawfully stopped Black in violation of the Fourth Amendment of the U.S. Constitution.

**B.** A declaratory judgment under 28 U.S.C. § 2201(a) stating that Sheriff Clarke, John Doe One and John Doe Two unlawfully arrested Black in violation of the Fourth Amendment of the U.S. Constitution.

**C.** A declaratory judgment under 28 U.S.C. § 2201(a) stating that defendants deprived Black of equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

**D.** An order awarding Black damages for emotional distress and other compensatory damages.

**E.** An order under 42 U.S.C. § 1988(b) awarding attorneys' fees to Black.

**F.** An order under 42 U.S.C. § 1988(c) awarding experts' fees to Black.

**G.** An order under *Smith v. Wade*, 461 U.S. 30 (1983), and its progeny, awarding punitive damages to Black.

**H.** An order under 28 U.S.C. § 1920 taxing the costs of this action against defendants.

I.       An order under 28 U.S.C. § 2202 providing further necessary and proper relief based on the declaratory judgment.

## DEMAND FOR TRIAL BY JURY

Black hereby demands a trial by jury on each of his claims under Fed.R.Civ.P. 38(b).

Dated at the law offices of Peterson, Johnson & Murray, S.C., in Milwaukee, Wisconsin, this 2nd day of February, 2017.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Plaintiff Daniel Black

*/s/ William F. Sulton, Esq.*
William F. Sulton, Esq.
State Bar No. 1070600
788 N Jefferson St Ste 500
Milwaukee, WI 53202-3763
Phone: 414-278-8800
Fax: 414-278-0920
Email: wsulton@pjmlaw.com