UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL BLACK,

        Plaintiff,

v.

        Civil Action No. 2:17-cv-00156

DAVID A. CLARKE, JR.,

        Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED PROPOSED SUBSTANTIVE JURY INSTRUCTION

Pursuant to a request from the Court, Defendant David A. Clarke, Jr. ("Clarke"), hereby responds to plaintiff's Request for Leave to File Amended Proposed Jury Instruction.

As an initial matter, it is apparent that new counsel does not feel bound by the representations made by Attorney William Sulton, who moved to withdraw as plaintiff's counsel *after* the final pretrial conference but *two weeks* after the conflict of interest became apparent. The merger of the von Briesen law firm with Peterson, Johnson & Murray was publically announced on January 2, 2018.

Nevertheless, the parties filed a joint pretrial report with the Court on January 11, including joint proposed voir dire, joint jury instructions, and joint verdict form. (ECF No. 59.) Pursuant to the precise instructions of the Trial Scheduling Order, all briefing in support or opposition to a separate proposed substantive jury instruction was to be filed with the joint pretrial report. The amended proposed instruction is dilatory, and was filed by an attorney that did not participate in pretrial discussions and did not sign or participate in preparing the Joint Pretrial Report. Plaintiff's case should be dismissed for violation of this Court's Trial

Scheduling Order, entered on March 24, 2017 (ECF No. 13). Conducting a jury trial under these circumstances is a waste of the jurors' time and this Court's limited resources.

Regardless, plaintiff's proposed amended instruction contains the same error as his previous proposed substantive jury instruction with the joint pretrial report. Asking whether plaintiff "suffered a deprivation that would likely deter First Amendment activity in the future"—is incorrect. It turns what should be an objective standard into a subjective standard (or at least blurs the lines with respect to a standard that is supposed to be objective).

The most important element for the jury to determine is whether Clarke's retaliatory conduct would "chill a person of ordinary firmness from continuing to engage in the protected activity." (*See* ECF No. 59, Ex. 5.) Indeed, as the Court stated in its summary judgment decision, the most important question is "whether Clarke's Facebook posts would deter a person of ordinary firmness from exercising his First Amendment rights." (ECF No. 39 at 19; *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).) If plaintiff is unable to prove this critical element, Clarke is not liable to plaintiff.

Clarke's proposed substantive instruction also contains direction to the jury on how to evaluate a retaliatory conduct that is only in the form of speech (i.e., the Facebook posts) and to consider the defendant's own right to free speech, direction that is lacking in Plaintiff's proposed substantive instruction. As Judge Griesbach wrote in a case involving a First Amendment retaliation claim:

> The nature of the alleged retaliatory acts has particular significance where the public official's acts are in the form of speech. Not only is there an interest in having public officials fulfill their duties, a public official's own First Amendment speech rights are implicated. Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will *imminently follow*, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory.

*Theyerl v. Manitowoc Cty.*, No. 15-C-440, 2015 WL 7779210, at *2 (E.D. Wis. Dec. 2, 2015) (quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000)). Plaintiff's amended proposed instruction still contains no direction to the jury as to this important consideration.

## CONCLUSION

For the foregoing reasons, defendant, David A. Clarke, Jr., respectfully requests the Court deny plaintiff's request for leave to file an amended proposed substantive jury instruction.

Dated this 18th day of January, 2018.

s/ Charles H. Bohl
Charles H. Bohl
Andrew A. Jones
Kurt M. Simatic
Leslie A. Gutierrez

Attorneys for David A. Clarke, Jr.

HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414-273-2100
Fax: 414-223-5000
Email: Charles.Bohl@huschblackwell.com
Email: Andrew.Jones@huschblackwell.com
Email: Kurt.Simatic@huschblackwell.com
Email: Leslie.Gutierrez@huschblackwell.com